```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF TEXAS
                              HOUSTON DIVISION


DANIEL P. GONZALEZ,              §
TDCJ-CID NO. 774714,             §
                                 §
            Plaintiff,           §
                                 §
v.                               §     CIVIL ACTION NO. H-06-1889
                                 §
JAY PATZKE, et al.,              §
                                 §
            Defendants.          §
```

## MEMORANDUM OPINION AND ORDER

Daniel P. Gonzalez, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a complaint against TDCJ-CID officials Jay Patzke, Michael Upshaw, and Leticia G. McQueen, along with Willacy County State Jail Officer Monjaras under 42 U.S.C. § 1983. Gonzalez complains that his rights have been violated because he has been labeled as a gang member. The court will dismiss this action as frivolous.

### I. Claims and Allegations

Gonzalez claims that he has been wrongly targeted as a gang member due to his race. He alleges that a riot occurred while he was confined at the Willacy County Jail. He contends that a proper investigation would have revealed that he was not involved in the incident and that he was not affiliated with any gang. However,

when he was transferred to the Ferguson Unit of the TDCJ-CID, Gonzalez was classified as a suspected gang member.

Gonzalez complains that the information gathered about him is incorrect and has caused him undue stress. He further complains that he has been denied rehabilitative opportunities. Moreover, Gonzalez contends that his due process rights have been violated because he was not informed that the unfavorable information had been gathered against him until he filed a grievance. Gonzalez seeks $500,000.00 in nominal damages and removal from TDCJ-CID's suspected gang-member list.

## II.  Analysis

In order to establish a claim under section 1983, a prisoner must assert facts showing that he was deprived of a constitutional right or federal statutory right. Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995), citing Hernandez v. Maxwell, 905 F.2d 94, 95 (5th Cir. 1989). Gonzalez has not alleged facts that establish that the defendants have violated his rights by identifying him as a gang member. Prison authorities have broad discretion in classifying their prisoners. McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990). Gonzalez does not have a constitutional right not to be classified as a security threat, and the court will not interfere with decisions to subject him to additional monitoring or place him under special restrictions as a result of his classification. Meachum v. Fano, 96 S.Ct. 2532, 2538 (1976);

Wilkerson v. Stalder, 329 F.3d 431, 435-36 (5th Cir. 2003) ("an inmate has no protectable liberty interest in his classification"); Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). Gonzalez's bare, unsupported allegation that he was labeled as a gang member because of his race does not support a civil rights claim. See Hilliard v. Board of Pardons and Paroles, 759 F.2d 1190, 1193 (5th Cir. 1985).

In general, prisoner civil rights complaints are only actionable where the facts show that prison officials have harmed or endangered the complaining prisoner, and the officials were aware that their actions were dangerous to the prisoner's health or safety. See Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994); Estelle v. Gamble, 97 S.Ct. 285, 292 (1976). Gonzalez's complaint that he has endured stress as a result of being labeled as a gang member does not implicate a constitutional violation. See Babcock v. White, 102 F.3d 267, 271-72 (7th Cir. 1996). Restrictions that may be a consequence of gang membership are not actionable. They are reasonably foreseeable constraints that may be applied in a prison environment; they do not rise to the level of a constitutional violation. See Sandin v. Conner, 115 S.Ct. 2293 (1995); Berry v. Brady, 192 F.3d 504, 507-08 (5th Cir. 1999); Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997). Such conditions are a part of normal prison life and must be endured by those who need to be held apart from the others. Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998).

The court is authorized to dismiss frivolous prisoner actions. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or fact. <u>Berry</u>, 192 F.3d at 507. A complaint has no arguable legal basis if it alleges the violation of legal interests that clearly do not exist. <u>Id.</u> Gonzalez's complaint has no merit and, therefore, is frivolous. This action is **DISMISSED** as frivolous.

### III.  Filing Fee

Gonzalez has not paid the required filing fee; nor has he filed an Application to Proceed In Forma Pauperis. 28 U.S.C. §§ 1914, 1915. Gonzalez is obligated to pay a filing fee because he was incarcerated when he filed this action. See <u>Hatchet v. Nettles</u>, 201 F.3d 651 (5th Cir. 2000).

The TDCJ-CID Inmate Trust Fund is **ORDERED** to deduct 20% of each deposit made to Gonzalez's inmate trust account and forward the funds to the Clerk on a regular basis, in compliance with 28 U.S.C. § 1915(b)(2), until the entire filing fee ($350.00) has been paid.

### IV.  Conclusion and Order

The court **ORDERS** the following:

1. This cause of action, filed by Daniel P. Gonzalez, TDCJ-CID #774714, is **DISMISSED** because it is frivolous. 28 U.S.C. § 1915(e).

2. Gonzalez is **ORDERED** to pay the $350.00 filing fee. The TDCJ-CID Inmate Trust Fund shall collect and

      forward the funds to the Clerk of the court in accordance with the terms of this Memorandum Opinion and Order.

3. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number 512-936-2159; the TDCJ-ID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax Number 936-437-4793; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this the 9th day of June, 2006.

*[signature]*

SIM LAKE
UNITED STATES DISTRICT JUDGE